INVERNESS CORPORATION, Plaintiff,

v.

WHITEHALL LABORATORIES and American Home Products Corporation, Defendants.

No. 87 Civ. 1113 (KTD).

United States District Court, S.D. New York.

Feb. 6, 1989.

Blum Kaplan, New York City (Steven B. Pokotilow, Robert S. Weisbein and Laura E. Goldbard, of counsel), for plaintiff.

Townley & Updike, New York City (Marie V. Driscoll, of counsel), and Darby & Darby, New York City (Egon E. Berg, of counsel), for defendants.

OPINION

KEVIN THOMAS DUFFY, District Judge:

Defendants Whitehall Laboratories and American Home Products Corporation (collectively "Whitehall") bring, by Order to Show Cause, a Motion for Declaratory Judgment that the redesigned NEET roll-on depilatory packaging does not violate the permanent injunction entered against Whitehall by this Court on October 4, 1988. By the terms of the injunction, Whitehall is enjoined from selling its NEET roll-on depilatory product in trade dress or packaging that "appears similar" or is "confusingly similar" to the ONE TOUCH roll-on depilatory sold by plaintiff Inverness Corporation ("Inverness"). Whitehall has begun production, taken orders, and is about to ship the new product. Inverness opposes the motion and moves that Whitehall be found in contempt of the permanent injunction.

A hearing on this matter was held on January 26, 1989. The prior proceedings in this case and my conclusions of law on the issue of Inverness' entitlement to the permanent injunction are set forth in my Opinion dated September 15, 1988. Familiarity with that Opinion is assumed. The following constitutes my findings of fact and conclusions of law in this application.

A product's trade dress involves " 'the total image of a product and may include features such as size, shape, color or color combinations, texture, [or] graphics.' " *LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 75 (2d Cir.1985) (quoting *John J. Har-*

*land Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 980 (11th Cir.1983)). Inverness argues that impermissible similarities of trade dress exist in the white background of NEET's roll-on container, clear cap covering the roller-head, and wide roller-head. While Inverness does not claim exclusivity for the roll-on concept or for white packaging, it does claim that those characteristics, in combination, create an overall appearance similar to the ONE TOUCH trade dress. I disagree.

It is evident from a visual inspection of the redesigned NEET roll-on that the total impression it conveys is markedly different from Inverness' ONE TOUCH roll-on. The redesigned container for the NEET roll-on has straight rather than curved sides that slant upward toward the roller-head and create an almost triangular shape. The shape closely matches the trade dress for the NEET lotion depilatory and the contour of the NEET label on the container has been changed to conform to this shape. The NEET roll-on is marketed unboxed, which emphasizes the distinction between NEET's curved shape and the generally rectangular shape of the ONE TOUCH roll-on. Indeed, while ONE TOUCH is advertised without a box, it is marketed in a square box that features a picture of the within product. The label colors of the NEET roll-on also match those used for the NEET lotion depilatory and are distinct from the ONE TOUCH.

Changes have also been made to the shape of the overall roller-head and its plastic cap to conform to the modified container. The roll strips on the applicator have been changed from vertical to horizontal. The roller-head is no longer sitting flush to the container but is attached by a short neck, resulting in a mushroom-like appearance. Finally, a colored label is affixed to the clear plastic cap.

These changes to the NEET roll-on design sufficiently change the product's total image, especially when compared to the images of other depilatories on the market, such that the overall appearance to consumers that is not "similar" or "confusingly similar" to the trade dress used by In-

verness for its ONE TOUCH roll-on depilatory. Accordingly, I find that the revised design of the packaging of NEET brand roll-on depilatory does not violate the injunction issued by this court.

In sum, Whitehall's motion for a declaratory judgment that its redesigned NEET roll-on depilatory package does not violate the permanent injunction is granted. Inverness' motion for contempt is therefore denied.

SO ORDERED.